| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>SCHEER LAW GROUP, LLP<br>JOSHUA L. SCHEER #242722<br>REILLY D. WILKINSON #250086<br>85 Argonaut, Suite 202<br>Aliso Viejo, CA 92656<br>Telephone: (949) 263-8757<br>Facsimile: (949) 308-7373<br>jscheer@scheerlawgroup.com<br><br>☒ Attorney for Movant<br>☐ Movant appearing without an attorney | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>JUL 24 2025<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY fortier    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – _LOS ANGELES_ DIVISION**

| In re:<br><br>Gerald William Brunskill<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:24-bk-20040-BR<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: 08/19/2025<br>TIME: 10:00 AM<br>COURTROOM: 1668<br>PLACE: 255 E. Temple St. Los Angeles, CA 90012 |

**Movant:** Mark Siegel, a married man as his sole and separate property as to an undivided 262,500.00/525,000.00 interest; and Joe Peter Mulvihill, a married man as his sole and separate property as to an undivided 262,500.00/525,000.00 interest, their successors and/or assignees in interest

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

    *Street address*:    2838 Medill Place
    *Unit/suite number*:
    *City, state, zip code*:    Los Angeles, CA 90064

    Legal description or document recording number (including county of recording):

    Document Recording No. 20211038861, Los Angeles County

    ☐ See attached page.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                                 Page 1                                                        F 4001-1.RFS.RP.ORDER

3. The Motion is granted under:
   a. ☐ 11 U.S.C. § 362(d)(1)
   b. ☐ 11 U.S.C. § 362(d)(2)
   c. ☐ 11 U.S.C. § 362(d)(3)
   d. ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:
      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or
      (2) ☐ Multiple bankruptcy cases affecting the Property.
      (3) ☐ The court   ☐ makes   ☐ does not make   ☐ cannot make a finding that the Debtor was involved in this scheme.
      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 2    **F 4001-1.RFS.RP.ORDER**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: July 24, 2025

*[Signature: Barry Russell]*

Barry Russell
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                                 Page 3                                                      F 4001-1.RFS.RP.ORDER

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☐ The Debtor must make regular monthly payments in the amount of $_____ commencing *(date)* _____. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

3. ☒ The Debtor must cure the postpetition default computed through _____ in the sum of $_____ as follows:

    a. ☐ In equal monthly installments of $_____ each commencing *(date)* _____ and continuing thereafter through and including *(date)* _____.

    b. ☒ By paying the sum of $ 5,000.00 on or before *(date)* June 24, 2025,

    c. ☒ By paying the sum of $ 5,000.00 on or before *(date)* July 24, 2025,

    d. ☐ By paying the sum of $_____ on or before *(date)* _____,

    e. ☒ Other *(specify)*:

    The payments in this Paragraph 3 for adequate protection in order to allow the Debtor additional time to sell the Property without prejudice to its pending foreclosure.

    Each month the Stipulation is pending, on the date that payments are due, Debtor shall provide Movant's counsel with a full report of all offers received, with a written copy of any offers, and said report shall include a detailed status of the sale. This requirement shall remain as long as the Stipulation remains in effect.

    Debtor shall payoff Movant in full, including any and all interest, fees, and costs that have accrued, no later than August 24, 2025 **("Sale Deadline").** The payment to Movant shall be directly out of escrow.

    In the event the Property has not sold by the Sale Deadline, but 1) a bona fide offer **("Offer")** has been accepted by Debtor prior to the Sale Deadline, 2) with an open escrow, 3) the accepted Offer is sufficient to pay all claims in full, and 4) proof of said Offer is provided to Movant prior to the Sale Deadline (collectively **"Conditions"),** Debtor shall be allowed to make another payment to Movant in the amount of $5,000.00 by August 24, 2025 in exchange for a one (1) month extension of the Sale Deadline until September 24, 2025 **("Conditional Extended Sale Deadline").** The Sale Deadline shall only be extended to the Conditional Extended Sale Deadline if all of the Conditions are timely met and the payment of $5,000 is timely received by Movant.

4. ☒ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before *(date)* _____
    The disclosure statement must be approved on or before *(date)* _____
    The plan must be confirmed on or before *(date)* _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 3 days after service of such written notice:

    a. ☐ The stay automatically terminates without further notice, hearing or order.
    b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

    d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of (*number*) <u>1</u> notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor. **

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*):
**However, Movant agrees not to complete its foreclosure sale prior to August 24, 2025, the Sale Deadline, so long as Debtor is current on the Stipulation terms, including but not limited to any payment requirements.

    Additional Terms:

    In the event the senior lienholder on the Property obtains relief from stay prior to Movant, Movant shall be allowed to submit an order for relief from stay to obtain the same relief provided to any senior lienholder, which the court may enter without a hearing.

    Pursuant to the terms of the Stipulation, the Debtor has acknowledged that he has no claims against Movant relating to the foreclosure of the Property and waives any claims known or unknown against Movant, relating to the pending Foreclosure as detailed more fully in the Stipulation.

    Pursuant to the terms of the Stipulation, the Debtor has also acknowledged that there are no leases in effect on the Property and that Debtor is the only party authorized to occupy the Property.

    Debtor, and any other occupants, shall vacate the Property on or before the Sale Deadline of August 24, 2025 and Debtor will not contest any foreclosure or eviction of the Property that occurs after the Sale Deadline or Conditional Extended Deadline, as applicable. If the Debtor fails to vacate the Property by the Sale Deadline, Movant may return to the Bankruptcy court to enforce the Stipulation and/or may present the Stipulation in any State Court proceeding as evidence of Debtor's surrender of all possession rights as to the Property as of the Sale Deadline.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                                                     Page 5                                                                              **F 4001-1.RFS.RP.ORDER**